UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON CAREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-0326-CVE-FHM |
| ) | |
| AVIS BUDGET CAR RENTAL, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court are Defendant Avis Budget Car Rental, LLC's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (Dkt. # 44) and Defendants Paul Dominy, Paula Gottes, Mary Jo Shannon, Debbie Hall, Kim Thorne, David Polen, Debra Watkins, Debbie Lank, Elaina Coffey and Deborah Cargile's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (Dkt. # 45). Defendants argue that plaintiff has failed to state a claim upon which relief can be granted.

### I.

Plaintiff filed her first complaint on June 4, 2013. Dkt. # 1. It alleged claims of "discrimination based on race; discrimination based on age; discrimination based on her disabilities; retaliation for her internal complaints and claims to the EEOC, OHRC, and OSHA; retaliation based on a miscalculation of her pension; and a claim for 'mind anguish.'" Dkt. # 26, at 6. Avis Budget Car Rental, LLC (Avis) filed a motion to dismiss for failure to state a claim (Dkt. # 13), as did the individuals named as defendants. Dkt. # 14. On July 30, 2013, the Court advised plaintiff that she had failed to timely respond to the motions to dismiss and ordered plaintiff to respond by August

2, 2013. Dkt. # 22. On August 6, 2013, plaintiff filed a response. Dkt. # 23. This Court dismissed plaintiff's complaint, but granted plaintiff leave to file an amended complaint solely as to her claims against the corporate defendant for race and age discrimination. Dkt. # 26, at 28. Plaintiff was not given leave to amend her claim to include any other claims or any claims against individuals. Id.

Plaintiff filed an amended complaint on September 4, 2013, alleging discrimination based upon her race and age against Avis and the individual defendants. Dkt. # 27. Defendants filed motions to dismiss on September 18, 2013. Dkt. ## 44, 45. Plaintiff's responses to both motions were due October 9, 2013. Plaintiff has previously been informed by this Court of her obligation to respond. See Dkt. # 22. Although plaintiff has failed to respond to defendants' motions, the Court will construe all factual allegations in plaintiff's amended complaint in the light most favorable to plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## II.

Plaintiff alleges that she was discriminated against because of her race and age based on "[o]ffensive books and magazines; job training, Early Retirement-Pension distribution 'obtaining thereof.'" Dkt. # 27, at 1. Plaintiff also alleges a consistent pattern of Avis denying her job promotions because of her race. Id.

Plaintiff asserts that on September 25, 2011, Debra Watkins led plaintiff to a skeleton sitting in the office even though "it was not yet Halloween." Id. at 1. Plaintiff also states that Watkins would pass by her desk but never spoke to her, "not even to say Good Morning." Id. at 1, 4. Plaintiff contends that in December 2011, while bidding for vacation, "the word 'Dead' appeared beside [her] name in balloon form and blinked out." Id. at 4. Plaintiff suspects that the computer programmers may have been responsible. Id. Plaintiff alleges that upon informing Watkins, Watkins

laughed and replied, "Sharon are you dead at your seat?" Id. (internal quotation marks omitted). Plaintiff maintains that when she informed Mary Jo Shannon and David Polen of these events, they replied, "Sharon, that is not possible." Id. (internal quotation marks omitted). Plaintiff states that when she called Prudential in April or May of 2013, she heard a voice recording asking her "has there been another death in the family?" Id. (internal quotation marks omitted). Plaintiff believes that these incidents constituted "racial harassment upon my life." Id.

Plaintiff alleges that offensive literature was placed in her workplace's locker room in September 2011 and that the literature interfered with her work environment. Id. She states that:

> The terminology and the criminal language on and in the Gun books and Gun magazines that appeared on the table in the locker room, have affected my mind and have caused damage to the God-created brain that God gave me. Brain fights the prescribed medications for several hours and keeps alerting me to the dangers there of - of the many table left books - terms as follows - all of which had big guns on them - Some of the titles were: "Deadly Company," "Dead Certain," "Guns and Ammunition" and "Assassination, Hitman [sic] and Murder."

Id. Plaintiff contends that she reported the books, but that they were not removed until January 2013.[1] Id. at 4-5. Plaintiff also reported the books to Mary Jo Shannon and David Polen, explaining that they "affected [her] mind with fear." Id. at 5. Plaintiff asserts that they referred her to a therapy program entitled "Life Matters." Id. Plaintiff maintains that she has "flashbacks of the company's continued pattern of racial harassment of KKK - appeared in the 90's [sic] on my computer screen" and that "death threat books" were left at her desk in the 1990s. Id. at 4.

Plaintiff alleges discrimination in the quotes given to her in relation to her pension. Id. at 6. She states that she was not given the same opportunities as white employees to receive updates on pension changes. Id. She also states that she was given insufficient or incorrect information due

---

[1]   It appears that plaintiff means January 2012.

3

to her age and race. Id. This alleged prejudice led plaintiff to file a complaint with the EEOC. Id. Plaintiff also claims that she requested early retirement, but was then terminated before reaching age 55. Id. Further, plaintiff alleges that her pension was reduced because of racial prejudice. Id.

Plaintiff alleges that racial discrimination resulted in her being eliminated from various training programs for job performance and advancement. Id. at 8. Plaintiff believes these eliminations were "because of [her] race, and their White Throne of Control." Id. Plaintiff maintains that she waited seven months for one training program, before she was allowed to be trained along with a white coworker. Id. at 9. Plaintiff states that the coworker was allowed to write down information, but that she was not. Id.; see also id. at 10 (alleging that white employees were allowed to write down information, but that she was not). Plaintiff also claims that Level 2 agents[2] used "racial slurs of harassment." Id. at 8. She claims that the white Level 2 agents used "threatful behavioral verbiage" when instructing her. Id. The allegedly threatening language included "You're not supposed to do this," "you left off," and "don't ever."[3] Id. (internal quotation marks omitted).

Plaintiff claims that she was terminated on a first offense and was not given a warning prior to termination. Id. at 9. Plaintiff was allegedly required to perform six extra steps for Flowers Baking Company that white and Hispanic employees were not required to perform. Id.

Plaintiff alleges that she was denied a compliment letter because of her race and that she was cheated in scores and points because of her race. Id. at 10. Plaintiff alleges that at least one other

---

[2]     It is not completely clear from plaintiff's amended complaint what a Level 2 agent is. It is assumed that they are a category of Avis employees.

[3]     It is possible that this alleged language is the "racial slurs of harassment" to which plaintiff has referred. Id. at 8.

4

black employee had points taken away. Id. at 11. She also claims she was not allowed to listen to tapes of her calls and instead received threatening papers. Id.

Plaintiff further alleges that she was denied a number of job benefits because of racial discrimination. Id. at 12. These benefits included car rentals, a 30-year service award, employment, insurance benefits, and early retirement. Id. Relatedly, plaintiff alleges racial prejudice involving her vacation benefits. Id. at 14. She further claims that she never received a policy booklet. Id. at 12.

Plaintiff alleges that Avis was hiring new employees and eliminating black employees in particular. Id. She supports this contention by alleging that one white employee "ate cookies, cakes and big breakfast at her desk" and had "threatful hits at her seat," but was not terminated. Id. at 12-13. She also points to the fact that two other white coworkers who were hired at the same time as plaintiff were not fired. Id. at 14. Plaintiff further alleges that a white Level 2 agent was not fired for "sending an email to chat" in contravention of company policy. Id. at 15. When plaintiff reported the violation, "Paula made no comment - her eyes went to David Polen." Id. Additionally, "[black employees'] phone pads have disconnected calls without the agent touching the phone pad during the year 2011 [and] 2012." Id. at 12. Plaintiff contends that her job performance was high, but that she was terminated because of her past filings alleging discrimination. Id. at 12. She points to her high sales volume and a raise in 2011 as indications of her satisfactory job performance. Id. In addition to her EEOC complaint, plaintiff states that she filed a racial discrimination complaint with the Tulsa Human Rights Department. Id. at 13.

5

### III.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief can be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of the a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493F.3d 1210, 1215 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-12 (10th Cir. 1991).

Complaints filed by pro se plaintiffs are held to less stringent standards than pleadings drafted by lawyers, and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. Moreover,

even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir.1994).

## IV.

Plaintiff alleges that she has been discriminated against on the basis of her race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Dkt. # 27, at 1. Defendants advance two arguments for dismissing plaintiff's claims. First, they argue that plaintiff improperly named individuals as defendants in her claims under Title VII and the ADEA. Dkt. # 45, at 2. Second, they assert that plaintiff's claims of discrimination based on age and race should be dismissed for failure to state a claim upon which relief can be granted. Dkt. # 44, at 1.

### A.

Plaintiff's claims against individual, as opposed to corporate, defendants should be dismissed. Plaintiff was not given leave to amend her complaint to include claims against individuals. Dkt. # 26, at 28. Further, plaintiff's only claims are for discrimination based on Title VII and the ADEA. "Under long-standing [Tenth Circuit] precedent, supervisors and other employees may not be held personally liable under Title VII." Williams v. W.D. Sports, N.M., Inc., 497 F.3d 1079, 1083 n.1 (10th Cir. 2007). In other words, the Tenth Circuit has interpreted Title VII restrictions to apply to the employer only, and not to individual employees. "The relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a violation of the Act." Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996) (emphasis in original).

The definition of "employer" in the ADEA is similar to the definition used in Title VII. Butler v. City of Prairie Vill., Kan., 172 F.3d 736, 744 (10th Cir. 1999). Compare 42 U.S.C. § 2000e(b) (defining employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."), with 29 U.S.C. § 630(b) (defining employer as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . [and] any agent of such a person . . . ."). Therefore, individuals may not be held personally liable under the ADEA. Cf. Butler, 172 F.3d at 744 ("Because we can discern no meaningful distinction between the definitions of "employer" in Title VII and the ADA, our reasoning in *Haynes* dictates the outcome of this case."); see also Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993). Individual defendants do not qualify as "employers" under the statutory definition and are not subject to suit under Title VII or the ADEA. Plaintiff's claims against the individual defendants for discrimination based on race and age should be dismissed for failure to state a claim.

**B.**

Plaintiff's claim for age discrimination is completely unsupported by factual allegations and should be dismissed for failure to state a claim. Plaintiff merely states her age and alleges that she was discriminated against based on it. Dkt. # 27, at 1. She provides no further factual allegations. See generally id. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-12 (10th

Cir. 1991). Plaintiff's claim for age discrimination is an impermissible conclusory allegation and should be dismissed for failure to state a claim.

### C.

Plaintiff's claim of racial discrimination should also be dismissed. Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin, and a plaintiff can prevail by showing disparate treatment or disparate impact. Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 645-46 (1989), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1074, as recognized in Raytheon Co. v. Hernandez, 540 U.S. 44 (2003). Disparate treatment arises when an employer "treats some people less favorably than others because of their race, color, religion, sex or national origin" and "proof of discriminatory motive is critical." Carpenter v. Boeing Co., 456 F.3d 1183, 1187 (10th Cir. 2006) (quoting Int'l Bhd. of Teamsters v. U.S., 431 U.S. 324, 335 n.15 (1977)). "To make out a prima facie case of discrimination, [plaintiff] must demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees." Carney v. City & Cnty. of Denver, 534 F.3d 1269, 1273 (10th Cir. 2008) (quoting Orr v. City of Albuquerque, 417 F.3d 1144, 1149 (10th Cir. 2005)) (internal quotation marks omitted). A similarly situated employee is an employee who "deals with the same supervisor and is subject to the same standards governing performance evaluation and discipline." Kendrick v. Pensek Transp. Servs., Inc., 220 F.3d 1220, 1232 (10th Cir. 2000) (quoting Aramburu v. Boeing Co., 112 F.3d 1398, 1404 (10th Cir. 1997)) (internal quotation marks omitted).

Plaintiff's amended complaint repeats allegations that this Court has previously found to be insufficient to state a claim for racial discrimination. These insufficient allegations include "that gun

books were left in the locker room, which made her fearful, and that she was either cheated out of work-related information, like a compliment letter from a customer, or scores." Dkt. # 26, at 23-24. Plaintiff's amended complaint includes similar allegations that simply do not rise to the level of racial discrimination, including plaintiff's contentions that she was unable to write down information during a training program, that "threatening" language such as "You're not supposed to do this" was used, that she was required to perform six extra steps for a client, and that she observed death-related imagery and recordings.

Some allegations in plaintiff's amended complaint are new or contain additional details not present in her original complaint. However, those allegations are also insufficient. She alleges that she was denied benefits, terminated early, and denied job promotions, and that her pension was reduced. Plaintiff simply alleges that these events happened because of racial discrimination; she provides no facts to indicate the presence of any discrimination. See Khalik v. United Air Lines, 671 F.3d 1188, 1194 (10th Cir. 2012) ("Indeed, there is nothing other than sheer speculation to link the arm-grabbing and/or termination to a discriminatory or retaliatory motive."). Plaintiff's allegations are no more than conclusory allegations.

The only examples of disparate treatment that plaintiff provides are: that one white employee ate food at her desk and had "threatful hits at her seat," but was not terminated; that two other white coworkers who were hired at the same time as plaintiff were not fired; and that a white Level 2 agent was not fired for sending an email to chat. Dkt. # 27, at 12-15.[4] These examples fail to show disparate treatment among similarly situated employees. The fact that white employees were not

---

[4] Plaintiff does alleges that another black employee also had points taken off. Dkt. # 27, at 11. However, this relates to treatment that this Court has previously ruled does not amount to racial discrimination. Dkt. # 26, at 23-24.

10

fired for eating food at their desk, sending an email to chat, and having "threatful hits" at their seats is irrelevant, as plaintiff has not alleged that she was fired under the pretext of committing these infractions, or even infractions of comparable seriousness. Nor can plaintiff merely point to the fact that two white employees were hired at the same time as plaintiff, but not fired when she was, as evidence of discrimination. Additional factual information is needed for plaintiff's claim to be more than merely speculative. Cf. Townsend-Johnson v. Cleveland, 494 Fed. App'x 833, 837 (10th Cir. 2012) ("Importantly, Plaintiff alleges all non-female-African-American principals whose schools did not meet AYP goals had their contracts renewed for the next school year. . . . Plaintiff does not simply allege she was an African–American and fired. Rather, she alleges the non-female-African-American principals in the school district who failed to meet their AYP goals were not terminated.").[5]

Plaintiff has alleged that unspecified racial slurs were directed at her by white Level 2 agents. Dkt. # 27, at 8. It is possible that plaintiff is attempting to state a claim of discrimination under a hostile work environment theory. A hostile environment claim requires a workplace permeated with ridicule, insult, and discriminatory intimidation, which is severe or pervasive enough to alter the conditions of the plaintiff's employment. Penry v. Fed. Home Loan Bank of Topeka, 155 F.3d 1257, 1261 (10th Cir. 1998).

> To evaluate whether a working environment is sufficiently hostile or abusive, we examine all the circumstances, including: (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's work performance.

---

[5] This and all other unpublished opinions are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

MacKenzie v. City & Cnty. of Denver, 414 F.3d 1266, 1280 (10th Cir. 2005). "Plaintiff need not allege every threat or incident giving rise to his employment discrimination claims, but he must do more than make conclusory allegations that defendant's employees engaged in unspecified threatening behavior." Hernoe v. Lone Star Indus., Inc., No. 12-CV-0167-CVE-TLW, 2012 WL 1991241, at *3 (N.D. Okla. May 31, 2012). An allegation of unspecified "racial slurs of harassment" is insufficient to raise a hostile work environment claim from merely speculative to plausible. Just as in Hernoe, plaintiff "does not describe the alleged threats in any detail, and he does not allege that the threatening behavior was so severe or pervasive that it created an abusive working environment." Id.

Although the Court reads plaintiff's filing, as a pro se plaintiff, liberally, the Court will not concoct arguments for plaintiff and need not accept conclusory allegations as true. Therefore, the Court finds that plaintiff failed to state a claim upon which relief can be granted.

## D.

Plaintiff has previously been given leave to amend her complaint. Plaintiff's amended complaint, like her original complaint, fails to state a claim. The Court finds that granting plaintiff leave to amend her complaint a second time would be futile.

**IT IS THEREFORE ORDERED** that Defendant Avis Budget Car Rental, LLC's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (Dkt. # 44) and Defendants Paul Dominy, Paula Gottes, Mary Jo Shannon, Debbie Hall, Kim Thorne, David Polen, Debra Watkins, Debbie Lank, Elaina Coffey and Deborah Cargile's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (Dkt. # 45) are **granted**. All claims against all defendants are dismissed. A separate judgment of dismissal will be entered.

**DATED** this 23rd day of October, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE